IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN STOELKER, et al.                          :        CIVIL ACTION
                                                :
            v.                                  :
                                                :
BRIAN A. WALKER and                             :        OC-5041
FALCON TRANSPORT, INC.                          :        NO. ~~07-0705~~

## MEMORANDUM AND ORDER

DITTER, S.J.

                                                              August 22, 2007

     Before me is third party defendant Karen Stoelker's motion for summary judgment. For the reasons that follow, I will grant the motion and dismiss the claims against Stoelker.

     This action arises from a motor vehicle collision involving a car driven by Stoelker, who was accompanied by Linda Vasallo in the passenger seat, and a tractor trailer driven by third party plaintiff, Brian Walker. Stoelker and Vasallo assert in their complaint that Walker negligently hit the rear left side of their car while he was moving from the left lane to the right lane on the Pennsylvania Turnpike, a marked, two-lane highway. *Compl.* ¶ 7. Falcon Transport, Inc., and Walker (hereafter "Walker") filed a third party complaint against Stoelker alleging that she was negligent because she was driving "too fast under the circumstances and was attempting to pass the truck on the right." *Third Party Compl.* ¶ 7.

     I follow the well known requirements of summary judgment and view all facts in the light most favorable to the nonmoving party. To survive summary judgment, the nonmoving party must set forth specific facts showing a genuine issue for trial and must sufficiently establish an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reaching my decision, I have considered the briefs of both parties and the deposition testimony of Walker,

1

Stoelker, and Terry Phillips, an independent witness who was traveling behind Walker's truck at the time of the collision.

Walker argues that summary judgment is inappropriate because his testimony is sufficient to support his claim that Stoelker was passing him on his right and that she was negligent in failing to sound her horn or flash her lights. After considering all of the evidence and viewing all facts in the light most favorable to Walker, I find Walker has failed to establish negligence on Stoelker's part.

Walker testified that he was traveling in the left lane in order to pass a slow-moving tractor trailer. Phillips testified that he was behind Walker's truck as they passed the tractor trailer in the right lane and that Stoelker's car was never behind him. Phillips also testified that he was following Walker for two to three miles before the collision and that no vehicle ever came in between them. Stoelker testified that she was driving in the right lane and that there was a truck driving behind her in the right lane that was following very closely.

Walker stated he was certain that when his front bumper was even with the front bumper of the tractor trailer he was passing there was no vehicle in front of him. *Walker Dep.* p.51. He argues that this statement requires the conclusion that Stoelker must have been passing on the right, entering the right lane ahead of the tractor trailer only after Walker had passed it.

Although Stoelker disputes that she was passing on the right, the fact is irrelevant because even if it is true, Walker fails to establish negligence. The Pennsylvania Vehicle Code specifically allows for overtaking on the right when traveling on a roadway with at least two lanes of vehicles moving in the same direction. 75 Pa. C.S. § 3304. Walker argues that Stoelker's negligence was in her failure to audibly or visually notify him that she was passing by

2

sounding her horn or flashing her lights.  Drivers are under no duty to exercise such signaling when they pass another vehicle, but are only obligated to pass safely.  *Id.* at § 3304(b).

Further, Walker's argument that Stoelker was passing him on his right is contradicted by his own testimony.  Both at the time of the accident and when explaining the accident to his employer, Walker stated that he believed Stoelker's car was in his blind spot.  When he was asked if Stoelker was driving improperly prior to the collision, Walker answered: "*I don't know if they sped up alongside me, quickly trying to pass as I was moving over or if they were just riding in that general area in the blind spot.*"  *Walker Dep.*, p. 42 (emphasis added).  Walker's only direct allegation of improper conduct by Stoelker was that "there should have been a horn blast or some headlights flashed to make me aware that they were there" as he started to move into Stoelker's lane.  *Walker Dep.*, p. 45.

Therefore, because Walker must establish that Stoelker was negligent to prevail at trial and has offered no evidence to establish she violated any duty of care, summary judgment must be granted and the third party complaint dismissed.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN STOELKER, et al.,                    :        CIVIL ACTION

          v.                                :

BRIAN A. WALKER and                        :
FALCON TRANSPORT, INC.                     :        NO. ~~07-0705~~ 06-5041

## O R D E R

And now, this 22nd day of August, 2007, IT IS HEREBY ORDERED that third party defendant Karen Stoelker's motion for summary judgment (Dkt. #15 ) is GRANTED and the third party complaint is dismissed.

BY THE COURT:

J. WILLIAM DITTER, JR., S.J.